Filed 5/25/16  P. v. Gary CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MATTHEW ALAN GARY,<br><br>    Defendant and Appellant. | F070139<br><br>(Fresno Super. Ct. No. F14901480)<br><br><br>**OPINION** |

THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County. Jane Cardoza, Judge.

Michael L. Pinkerton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Jeffrey Grant, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*     Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

Defendant Matthew Alan Gary was convicted by jury trial of attempted second degree robbery (Pen. Code, §§ 664, 211; count 1)[1] and misdemeanor battery (§ 242; count 2). The trial court sentenced him to two years in prison for the attempted robbery and stayed punishment on the battery count pursuant to section 654. The court issued protective orders under section 136.2, restricting defendant's future contact with his two victims. On appeal, defendant contends the trial court's post-trial protective orders should be stricken. The People concede and further point out that the trial court imposed an unauthorized sentence by failing to sentence defendant on the battery count. We will strike the no-contact protective orders, remand for sentencing on the battery count, and affirm in all other respects.

## FACTS

On February 10, 2014, at 5:25 p.m., Phyllis P. and Arlene L. were walking back to the women's shelter after eating dinner at the Fresno Rescue Mission. They noticed defendant walking in the opposite direction with a shopping cart. He looked at Arlene and she wished him a good night. After they passed each other, defendant grabbed Arlene's purse with both hands. They struggled for the purse but Arlene would not let it go. When defendant raised his fist as if to strike Arlene, Phyllis began hitting defendant. He relented, retrieved his shopping cart, and walked away. Arlene and Phyllis called 911 and identified defendant.

## DISCUSSION

**I.    Unauthorized Sentence**

At the sentencing hearing, the following occurred:

"[THE COURT:] Court has reviewed the factors in mitigation and the factors in aggravation. The Court finds that even though the factors in aggravation prevail, the Court does select the middle term. Therefore, the defendant is sentenced to state prison for the middle term of two years for

---

[1]     All statutory references are to the Penal Code.

Count One, a violation of Penal Code Section 664/211, attempted second degree robbery.

"In regards to Count Two, which is a violation of Penal Code Section 242—neither counsel addressed this—is there a [section] 654 issue?

"[PROSECUTOR]: I believe so, Your Honor.

"[DEFENSE COUNSEL]: I would believe so as well.

"THE COURT: All right. And the Court does find that under Penal Code Section 654, the—the elements are met and therefore the Court is staying any punishment in regards to a violation of Penal Code Section 242. Therefore, the defendant's total prison commitment is two years."

The minute order states: "Count 2 stayed pursuant to PC 654." The abstract of judgment does not mention count 2.

Section 654 generally precludes multiple punishments for a single physical act that violates different provisions of law. (*People v. Jones* (2012) 54 Cal.4th 350, 358.) It also prohibits separate punishment when several crimes are committed during an indivisible course of conduct. (*People v. Correa* (2012) 54 Cal.4th 331, 336; *People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1377.) When section 654 applies, the trial court should impose sentence on the offense that provides for the longest potential term, then *impose and stay* execution of sentence on all other counts, with the stay to become permanent upon the completion of the term not stayed. (*People v. Duff* (2010) 50 Cal.4th 787, 796; *People v. McCoy* (2012) 208 Cal.App.4th 1333, 1338; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1466, 1472 (*Alford*).) If the court imposes no sentence at all, the result is an unauthorized absence of sentence. (*Alford,* at p. 1472.)

As the record demonstrates, the trial court failed to impose sentence on count 2 before staying the sentence pursuant to section 654. This failure resulted in an unauthorized absence of sentence. We will remand to permit the trial court to impose sentence on count 2.

## II.     Protective Orders

Also at the sentencing hearing, the prosecutor requested issuance of protective orders:

> "[PROSECUTOR]: And Your Honor the People did submit a criminal protective order for the two victims. Would the Court consider that?
>
> "THE COURT: Yes…. [¶] Court has also received a request for criminal protective order in regards to Arlene [L.] and Phyllis [P.] Court will make the following orders, and this is an order under Penal Code Section 136.2: [¶] Court orders [defendant] not to harass, strike, threaten, assault, follow, stalk, molest, or destroy or damage the personal or real property or disturb the peace or keep under surveillance or block the movements of the protected persons, namely, Arlene [L.] and Phyllis [P.] [¶] … [¶] Defendant must not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person. [¶] Defendant must not take any action to obtain the addresses or locations of the protected persons or their family members. [¶] … [¶] [D]efendant must not have and the Court orders that he have no personal, electronic, telephonic, or written contact with the protected persons. He shall not have any contact with the protected persons named above through a third party except as—except his attorney of record. The protected persons may record any prohibited communications made by the defendant.
>
> "At this time the Court will sign the protective order. And this protective order shall expire three years from today's date.
>
> "[PROSECUTOR]: And, Judge, I guess we should put on the record that it's not the party's intention to preclude [defendant] from eating at the Poverello House or the Mission. He's just not to have any contact.
>
> "[DEFENSE COUNSEL]: That's our understanding.
>
> "THE COURT: All right. Perhaps you can add that. [¶] … [¶]
>
> "[PROSECUTOR]: And the language added was defendant may eat at Poverello House and the Mission. [¶] … [¶]
>
> "THE COURT: And at this time the deputy is ordered to serve [defendant] with the protective order."

The People concede, and we agree, that the trial court lacked authority to issue the no-contact protective orders under section 136.2 at sentencing. "[S]ection 136.2, subdivision (a) authorizes issuance of a protective order during the duration of criminal proceedings. Yet, this statute does not authorize issuance of a protective order against a defendant who has been sentenced to prison unless the defendant has been convicted of domestic violence." (*People v. Robertson* (2012) 208 Cal.App.4th 965, 996, citing *People v. Stone* (2004) 123 Cal.App.4th 153, 158 and *People v. Ponce* (2009) 173 Cal.App.4th 378, 382-383.)

"In addition, 'even where a court has inherent authority over an area where the Legislature has not acted, this does not authorize its issuing orders against defendants by fiat or without any valid showing to justify the need for the order.' [Citation.] Here, the prosecutor did not make an offer of proof or argument justifying the need for a no-contact order. The trial was finished and [defendant] was sentenced to prison. There was no evidence that after being charged [defendant] had threatened a witness or had tried to unlawfully interfere with the criminal proceedings. '[A] prosecutor's wish to have such an order, without more, is not an adequate showing sufficient to justify the trial court's action.' [Citation.] Accordingly, we agree with the parties that the no-contact order is unauthorized and must be stricken." (*People v. Robertson, supra*, 208 Cal.App.4th at p. 996.)

## **DISPOSITION**

The protective orders that were orally imposed during the October 8, 2014 sentencing hearing and served upon defendant are stricken. The matter is remanded to the trial court with instructions to impose sentence on count 2 (misdemeanor battery) and then stay the sentence pursuant to section 654. The court is directed to prepare a corrected minute order reflecting the stayed misdemeanor sentence and to forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

5.